AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>a 2017 BMW 540i<br>VIN: WBAJE5C39HG917270 | )<br>)<br>) Case No. 21-MR-1347<br>)<br>) |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ___New Mexico___ is subject to forfeiture to the United States of America under __21__ U.S.C. § __853 and 881__ *(describe the property)*:

2017 BMW 540i, VIN: WBAJE5C39HG917270

The application is based on these facts:
The affidavit of Special Agent Jared Queen is incorporated herein by reference.

☑ Continued on the attached sheet.

SA *[signature]*
*Applicant's signature*

Jared Queen, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by: telephonically sworn and electronically signed.

Date: 09/16/2021

*[signature: Kirtan Khalsa]*
*Judge's signature*

City and state: Albuquerque, New Mexico

Kirtan Khalsa, United States Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Jared Queen, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, state as follows:

### INTRODUCTION

1. I am an investigative law enforcement officer of the United States within the meaning of section 2510 (7) of Title 18, United States Code, as a Special Agent of the DEA. As such, your Affiant is empowered to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Sections 841 and 881.

2. I have been employed as a Special Agent (SA) by the DEA since October 2020, and am assigned to the DEA's Albuquerque District Office. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, participating in arrests, searches, and seizures, and working with undercover agents and informants. I have received training and have experience in the investigation of federal drug trafficking conspiracies. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTO) to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

### PROPERTY TO BE SEIZED

3. I make this Affidavit in support of an application for the issuance of a Seizure Warrant for a 2017 BMW sedan bearing New Mexico plate UNM41664 and

Vehicle Identification Number (VIN): WBAJE5C39HG917270 (SUBJECT VEHICLE 1).

## BACKGROUND

4. I believe that, based upon the facts detailed in this Affidavit, probable cause exists that the item of property identified in paragraph 3 was used to facilitate illegal drug trafficking and/or represents the proceeds of drug trafficking activities and is therefore subject to civil forfeiture under Title 21, United States Code, Section 881(a)(4) and criminal forfeiture under Title 21, United States Code, Sections 853(a)(1) and 853(a)(2).

5. I have been involved in an ongoing investigation regarding the distribution of illegal drugs- specifically cocaine by Leonardo GARCIA ("GARCIA"). Since the investigation's inception, I, other Special Agents with DEA, and law enforcement officials from other agencies have obtained information regarding the illegal drug trafficking activities of GARCIA.

6. As a result of my personal participation in the investigation of GARCIA, I am familiar with the facts and circumstances of the offenses described in this Affidavit. When I assert that a statement was made, I have either direct knowledge of the statement, or the information was provided by another law enforcement agent (who may have had either direct or hearsay knowledge of the statement), and I have either spoken to the agent or have read and reviewed the agent's report.

7. Since this Affidavit is being submitted for the limited purpose of securing a Seizure Warrant, I have not included each and every fact known to me concerning

this investigation. I have set forth only the facts I believe are necessary to establish the foundation for an order authorizing the search and seizure of the vehicle described in paragraph 3.

## FACTS AND CIRCUMSTANCES

8. As set forth below, I am conducting an investigation of GARCIA for possible violations of Title 21 U.S.C. § 841 and Title 21 U.S.C § 846. Specifically, I am conducting an investigation into the unlawful distribution of cocaine by GARCIA.

9. As described below in detail, GARCIA unlawfully distributed cocaine in Albuquerque, New Mexico. Some of this information has been relayed to me from conversations with other Agents or Officers, and has also been corroborated through my investigative efforts. The following is a summary of the investigation to this point, and its relationship to my investigation in New Mexico.

### June 10, 2021 Surveillance

10. On June 10, 2021, Special Agents (SA) Gillian Polinko and Jared Queen, along with Task Force Officer (TFO) Eloy Montoya established surveillance at 4601 Montano Road NW near apartment 107, a suspected stash house for GARCIA.[1] At approximately 12:22 p.m., SA Polinko observed SUBJECT VEHICLE 1 traveling through the parking lot of the apartment complex toward Apartment 107. SA Polinko observed SUBJECT VEHICLE 1 park directly in front of Building 17, the building where Apartment 107 is located.

11. Moments after parking, SA Polinko observed GARCIA exit the driver seat of

---

[1] A "stash house" is commonly used by drug traffickers to store contraband. The purpose of a stash house is to store contraband away from the drug trafficker's primary residence in an effort to avoid law enforcement detection.

3

SUBJECT VEHICLE 1, open the rear left door of SUBJECT VEHICLE 1, retrieve a black, laptop-style shoulder bag, place the carry strap over GARCIA's left shoulder, and walk toward the entryway to Apartment 107. Approximately one minute later, SA Polinko observed GARCIA walk from the vicinity of Apartment 107 without the black bag. SA Polinko observed GARCIA walk to SUBJECT VEHICLE 1, enter the driver's seat of SUBJECT VEHICLE 1, and drive SUBJECT VEHICLE 1 toward the entrance of the complex.

12. Agents believe this brief visit at the suspected stash house is consistent with the use of a stash location to store illegal narcotics. In this instance, it appeared that GARCIA dropped off a package. Agents believe that this would be consistent with GARCIA dropping off drugs and/or drug proceeds for safekeeping.[2]

### July 8, 2021 Surveillance

13. On July 8, 2021, SA Polinko observed, via electronic surveillance, SUBJECT VEHICLE 1 arrive at 5309 Territorial Road NW, Albuquerque, NM, the known address of Leonardo GARCIA. GARCIA was observed exiting the driver's seat of SUBJECT VEHICLE 1 and walking into the residence through the garage door.

14. Moments later, via electronic surveillance, SA Polinko observed Jeffrey Manning, a known cocaine distributor in Albuquerque, NM, arrive at GARCIA's residence.[3] GARCIA was observed exiting the residence through the garage door, walking toward the rear driver's side door of SUBJECT VEHICLE 1, and

---

[2] On September 8, 2021, agents executed a search warrant at the suspected stash house. The resident of the suspected house was present. Agent located one marijuana plant, what appeared to be cocaine residue, and packaging that appeared consistent with packaging used to store kilogram quantities of illegal drugs.
[3] A confidential source with DEA completed a six controlled buys with Manning involving either cocaine or cocaine base. Following the execution of a search warrant at Manning's home on September 8, 2021, agents located 369.2 grams of cocaine and 47.6 grams of crack cocaine.

opening the rear driver's side door of SUBJECT VEHICLE 1. GARCIA removed a black laptop style bag from the back seat of SUBJECT VEHICLE 1, similar to the style of bag GARCIA has been observed previously with at his suspected stash apartment located at 4601 Montano Road NW, Apartment 107, Albuquerque, NM. GARCIA closed the rear driver door of SUBJECT VEHICLE 1 and walked toward Manning's vehicle. SA Polinko observed GARCIA holding the black laptop-style bag in his left hand, and place the black laptop-style bag on the front passenger seat of Manning's vehicle. GARCIA was observed by SA Polinko passing the bag through the open front passenger window of Manning's vehicle. SA Polinko observed GARCIA leaning on Manning's vehicle for a short period of time and appearing to engage Manning in conversation. SA Polinko then observed GARCIA retrieve a rectangular-shaped item from Manning's vehicle, and walk toward the open garage door of GARCIA's residence. SA Polinko observed GARCIA then disappear from view, and Manning depart the area.

15. Based on my training, experience, conversations with other law enforcement investigators, and knowledge of the investigation, I believe the short meeting outside GARCIA's residence where items were exchanged is consistent with a drug transaction. I believe Manning picked up illegal narcotics from GARCIA at GARCIA's residence and Manning provided GARCIA with money. I further believe that GARCIA was storing the drugs inside SUBJECT VEHICLE 1 prior the drugs being given to Manning.

## July 29, 2021 Surveillance

16. On July 29, 2021, SAs Polinko and Larry Pantoja observed, via electronic surveillance, a black Ford Fusion arrive at GARCIA's residence, immediately followed by SUBJECT VEHICLE 1. SUBJECT VEHICLE 1 parked in the gravel area of GARCIA's front yard. SAs Pantoja and Polinko observed GARCIA exit the driver's seat of SUBJECT VEHICLE 1 carrying a black backpack on his left shoulder and a white plastic bag in his left hand. Agents observed GARCIA walk to the area of the front door and disappear from view. During this time, Agents observed the black Ford Fusion remain stationary. Moments later, Agents observed the garage door open and GARCIA exit the residence carrying a white bag, smaller than the first white bag he is seen carrying, in his left hand. Agents observed GARCIA walk toward the passenger side of the black Ford Fusion and place the white plastic bag on the front passenger seat of the Ford Fusion through the open window. Agents the observed GARCIA obtain a white, rectangular shaped item with his left hand from the passenger seat of the Ford. Moments later, Agents observed the Ford Fusion drive away, and GARCIA walk toward the open garage door carrying the white rectangular-shaped item. GARCIA subsequently disappeared from view.

17. Based on my training, experience, conversations with other law enforcement investigators, and knowledge of the investigation, I believe the brief interactions between Garcia and the driver of the Ford Fusion outside of Garcia's residence, as well as the exchange of items, are actions consistent with drug trafficking.

18. I further believe that the drugs distributed were contained within the white plastic bag or backpack that GARCIA had when he got out SUBJECT VEHICLE 1. Therefore, I believe that SUBJECT VEHICLE 1 was used to transport the illegal drugs to GARCIA's home for distribution.

### Execution of Search Warrants at 5309 Territorial Rd NW and Interview of GARCIA on September 8, 2021

19. On September 8, 2021, Agents and TFOs from the Albuquerque District Office (ADO) executed five coordinated federal search warrants around Albuquerque, NM. Specifically, a federal search warrant (21-MR-1279) was issued for 5309 Territorial Road NW, Albuquerque, NM 87120, the known address for GARCIA.[4]

20. During the search of GARCIA's residence, approximately 4 kilograms of suspected cocaine, approximately $114,000 of United States Currency, and two firearms were discovered. GARCIA, who was present at the time of the execution of the warrants, was arrested and subsequently transported to the ADO for an interview.

21. GARCIA, after being advised of and waiving his Miranda rights, admitted to the ownership of the cocaine found in his residence and that he knowingly sold cocaine throughout Albuquerque, NM to multiple customers.

### Location of SUBJECT VEHICLE 1

22. During the interview, GARCIA advised Agents that on September 7, 2021, GARCIA had driven SUBJECT VEHICLE 1 to the residence of a friend to play

---

[4] The search warrant and affidavit filed in support of the search warrant in 21-MR-1279 is incorporated by reference as if fully set forth herein.

7

poker. GARCIA advised the residence was in a gated community near the intersection of 98th Street SW and Gibson Boulevard SW. GARCIA further described the community as south of Gibson Boulevard SW and west of 98th Street SW. GARCIA further explained he had gotten intoxicated at the poker game and was unable to operate SUBJECT VEHICLE 1 at the completion of the poker game. GARCIA obtained a ride to his residence due to his intoxication and left SUBJECT VEHICLE 1 parked on the street. On September 9, 2021 at approximately 4:00 p.m., TFO Eloy Montoya located SUBJECT VEHICLE 1 parked on the street near 10004 Garden Gate Lane SW, Albuquerque, NM 87120.

23. Due to the inherent mobility of the car, and out of a concern that someone might move SUBJECT VEHICLE 1 to an unknown location, agents towed SUBJECT VEHICLE 1 to the DEA office in Albuquerque on September 16, 2021. SUBJECT VEHICLE 1 remains at the DEA office at this time while agents seek the instant search warrant.

**Registration and Other Information Related to Subject Vehicles**

24. I know from queries of New Mexico MVD records that SUBJECT VEHICLE is registered to Alicia Serrano at 9301 Volcano Road NW in Albuquerque, New Mexico. Alicia Serrano is believed to be GARCIA'S sister. New Mexico MVD records list the VIN as WBAJE5C39HG917270 (SUBJECT VEHICLE 1).

25. I know through multiple physical surveillances and electronic surveillances that Agents and TFOs have observed GARCIA drive SUBJECT VEHICLE 1 on multiple occasions, and have observed SUBJECT VEHICLE 1 parked at GARCIA's residence on multiple occasions.

26. Agents have never observed Alicia Serrano operating SUBJECT VEHICLE 1. For the reasons stated above, agents believe that GARCIA operates SUBJECT VEHICLE 1 to facilitate his drug trafficking activities. Based on my training and experience, I know that it is common for drug traffickers to register property in the names of third parties in an effort to avoid detection and seizure by law enforcement.

27. The approximate value of SUBJECT VEHICLE 1 is $31,725.00. There is no lien listed for SUBJECT VEHICLE 1. At this time, agents do not yet know what types of funds were used to purchase SUBJECT VEHICLE 1, but because GARCIA has no reported income, agents believe that drug proceeds would have been used to pay for SUBJECT VEHICLE 1, if paid for GARCIA.

## Conclusion

28. Based on the above facts and circumstances, there is probable cause to believe, and I do believe, that the aforementioned property of Leonardo GARCIA, SUBJECT VEHICLE 1, detailed in paragraph 3, was used to facilitate the distribution of illegal controlled substances as described in Title 21, United States Code. As such, the aforementioned property of the SUBJECT is subject to seizure and forfeiture to the United States Government pursuant to Title 21, United States Code, Section 881(a)(4) and Title 21, United States Code Section 853(a) and 853(f). The subject vehicle is in the custody of the Drug Enforcement Administration. Your Affiant requests that the Court issue seizure warrants as authorized under Title 21, United States Code, Section 881(b). Seizure warrants are requested under Section 853(f) because:

a. There is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture, and

b. An order under Title 21, United States Code, Section 853(a) may not be sufficient to assure the availability of the property for forfeiture because: the vehicles are mobile and the defendants/owners or their designees cannot reasonably be relied upon to abide by an order to maintain the property.

c. I swear this information is true and correct to the best of my knowledge.

_____
Jared Queen
Special Agent
Drug Enforcement Administration

Subscribed and sworn telephonically and signed electronically on this 16th day of September, 2021,

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE